**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18 CR 47-1
1:18 CR 68
1:18 CR 88-1**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| **WANDA SKILLINGTON GREENE,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

These matters came before the Court on January 16, 2019 for consideration of the potential revocation or modification of the conditions of Defendant's release pursuant to 18 U.S.C. § 3143(a)(1), as well as on an oral motion by defense counsel for modification of the terms and conditions of said release ("Motion to Modify Release Conditions").

On December 19, 2018, Defendant entered into a written plea agreement with the Government in which she agreed to plead guilty to count 5 in the Bill of Indictment filed in Case Number 1:18CR47-1, counts 13 and 29 in the Superseding Bill of Indictment filed in Case Number 1:18CR68, and Count 31 in the Bill of Indictment filed in Case Number 1:18CR88-1.

On January 16, 2019, a hearing was held pursuant to Rule 11 of the Federal Rules of Criminal Procedure, during which the undersigned accepted Defendant's plea of guilty, and recommended that the presiding District Judge likewise accept her plea.[1] As a result,

---
[1] With the consent of the Government and Defendant, the Court conducted a combined Rule 11

18 U.S.C. § 3143(a)(1) required consideration of whether the conditions of Defendant's release should be modified pending sentencing. See <u>United States v. Moffitt</u>, 527 F. Supp. 2d 474, 478 (W.D.N.C. Nov. 7, 2006).

Defendant proffered evidence and argued that detention pending sentencing was not required. The Government stipulated that Defendant had met her burden in this regard and indicated it had no basis to argue to the contrary.

Defendant also made the Motion to Modify Release Conditions through which she requested that she be allowed to speak with her sisters, who are current or former employees of Buncombe County. The Government consented in part and objected in part to this request.

Defendant did not object to the addition of a condition prohibiting her from acting in a fiduciary capacity or otherwise having access to funds belonging to another person or entity.

The parties likewise agreed that the conditions of release across these three (3) cases should be made consistent and aligned.

**IT IS THEREFORE ORDERED THAT:**

1. The existing conditions of Defendant's release (Case Number 1:18CR47-1 (Doc. 9); Case Number 1:18CR68 (Doc. 4); and Case Number 1:18CR88-1 (Doc. 9)) are hereby **CONSOLIDATED** and **MODIFIED**, such that the following conditions shall apply in each of these cases:

---

inquiry in all three (3) cases.

a. Defendant shall:

   i. Not violate any federal, state, or local law while on release;

   ii. Cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a;

   iii. Immediately advise the court, defense counsel, and the U.S. Attorney in writing before any change in address or telephone number; and,

   iv. Appear in court as required and surrender to serve any sentence imposed.

b. The following unsecured bonds previously executed by Defendant shall remain in place:

   i. $500,000 in Case Number 1:18CR47-1;

   ii. $500,000 in Case Number 1:18CR68; and

   iii. $100,000 in Case Number 1:18CR88-1.

c. Further, Defendant shall:

   i. Report to the Office of Probation and Pretrial Services to the extent and in the manner that the agency determines to be appropriate;

   ii. Surrender any passport to the Office of Probation and Pretrial Services;

   iii. Obtain no new passport;

   iv. Travel only in the Western District of North Carolina or travel as

approved by the Office of Probation and Pretrial Services, and have no contact with anyone involved in the unlawful use, possession, or trafficking of drugs, or any other unlawful conduct;

v. Avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution of these matters, including but not limited to:

  1. The other defendants in Case Numbers 1:18CR47-1 and 1:18CR88-1;
  2. The persons identified in Case Number 1:18CR68 as being JEC, Planning Director/Assistant County Manager; PCF, Identification Director; TWF, Finance Director/IT Director; MCF, Senior Attorney II; PGI, General Services Director; DMP, Budget & Management Services Director; ALS, Health & Human Services Director/Assistant County Manager; MJS, Permits and Inspections Director; and Bo Cauble; and
  3. Any persons who are employed by Buncombe County. However, should Defendant's personal affairs reasonably require contact with any employee of Buncombe County in the ordinary course of such employee's business, such contact: 1) may only be with employees who are not or

4

may not become victims or potential witnesses, 2) may only be made with prior approval from the United States Probation Office; and 3) must be as limited as possible and may not involve any discussion of these cases.

    4. Notwithstanding the prior conditions, Defendant may have contact with her son, Michael Greene, but they are not to discuss these cases.

vi. Refrain from possessing a firearm, destructive device, or other dangerous weapons;

vii. Refrain from any use of alcohol;

viii. Refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner;

ix. Submit to any testing required by pretrial services or the supervising officer to determine whether Defendant is using a prohibited substance. Any testing may be used with random frequency and include urine screening or testing. Defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release. One positive drug screen requires a return to court;

x. Participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable;

xi. Report as soon as possible to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to any arrest, questioning, or traffic stop;

xii. Submit her person, residence, office, vehicle and/or any computer system including computer data storage media, or any electronic device capable of storing, retrieving, and or accessing data to which they have access or control, to a search, from time to time, conducted by any United States Probation Officer/Pretrial Officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant. Defendant shall warn other residents or occupants that such premises, vehicles, or electronic devices may be subject to searches pursuant to this section;

xiii. Not open any new lines of credit or financial accounts without prior approval of the United States Probation Office;

xiv. Not enter into any financial transaction over TEN THOUSAND DOLLARS ($10,000) without prior approval from the United States Probation Office; and

xv. Not be in a position in which she will be acting in a fiduciary capacity on behalf of any person or entity or otherwise have access to or control over funds belonging to another person or entity.

2. Defendant's oral Motion to Modify Release Conditions is **DENIED**.

Signed: January 17, 2019

W. Carleton Metcalf
United States Magistrate Judge